IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| SAUL LEON d/b/a PANADERIA NUEVO LEON, LLC <br>     Plaintiff, <br> <br> v. <br> <br> MID-CENTURY INSURANCE COMPANY AND JORGE SALINAS <br>     Defendants. | § § § § § § § § § § | Civil Action No. _____ <br> JURY DEMANDED |

## DEFENDANT MID-CENTURY INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant Mid-Century Insurance Company ("Mid-Century") files its Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 as follows:

## I.
## PROCEDURAL BACKGROUND

1. On April 10, 2015, an action was commenced in the County Court at Law No. 4 of Hidalgo County, Texas, entitled *Saul Leon d/b/a Panaderia Nuevo Leon, LLC v. Mid-Century Insurance Company and Jorge Salinas*, as Cause Number CL-15-1094-D ("the State Court Action").[1]

2. On April 20, 2015, Defendant Mid-Century was served with a copy of Plaintiff's Original Petition[2] and Citation[3] alleging that Mid-Century breached the insurance agreement, violated its duty of good faith and fair dealing along with several sections of the Texas Insurance Code and Deceptive Trade Practices Act.[4] Defendant Jorge Salinas has not been served with a copy of a Citation and Plaintiff's Original Petition

---

[1] Exhibit B – Plaintiff's Original Petition.
[2] *Id.*
[3] Exhibit C – Citation.
[4] *Id.*

3.      Plaintiff's Original Petition alleges that Mid-Century and Jorge Salinas inspected the property and knew or should have known that Plaintiff sustained significant damage which needed to be repaired as a result of a wind, hail storm, and that Mid-Century and Salinas failed to pay the claim or to conduct the good faith investigation. As such, Mid-Century and Salinas violated Chapters 541 and 542 of the Texas Insurance Code and are liable for damages.

4.      Mid-Century filed its Original Answer and General Denial on May 11, 2015.[5]

5.      After receiving Plaintiff's Original Petition, Defendant Mid-Century timely filed a Notice of Removal in the State Court Action on May 20, 2015. The Original Petition which serves as a basis for this removal was received on April 20, 2015; therefore, Mid-Century removed the lawsuit well within the thirty day guidelines of the removal statute.[6]

## II.
## NATURE OF THE SUIT

6.      Plaintiff's Original Petition alleges no specific facts other than Plaintiff is a named insured under a Mid-Century property insurance policy and its property was damaged by an unspecified wind/hail storm. The Petition does not even provide a date of the storm.[7] After Mid-Century inspected Plaintiff's property, Plaintiff alleges Mid-Century failed to pay and properly investigate Plaintiff's claim for property repairs. The Petition further states that Mid-Century acted in bad faith and breached its contract.[8]

7.      Based on these threadbare facts, it appears Plaintiff's primary complaint is that his insurance claim to Mid-Century was underpaid. Nevertheless, Plaintiff alleges multiple

---

[5] Exhibit D – Defendant Mid-Century's Original Answer.
[6] 28 U.S.C. § 1446(b) ("If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable.").
[7] Exhibit C ¶ V.
[8] *Id. at* ¶ VII.

violations of the Texas Insurance Code and DTPA without specifying any facts in support. As such, Plaintiff's pleading alleges multiple misrepresentations and misstatements of law by Mid-Century and Salinas, but does not allege what those statements were or how the law differs in any regard.

## III.
## BASIS FOR REMOVAL

8. This Court has original jurisdiction under 28 U.S.C. § 1332 over this civil action, and the action may be removed by Defendant Mid-Century pursuant to 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

9. Plaintiff was, at the time this action commenced, and is a citizen of the State of Texas.[9] Defendant Mid-Century was, at the time this civil action commenced, and still is, a citizen of the state of California in that it is a California corporation with its principal place of business in California. Therefore, pursuant to 28 U.S.C. § 1332(c)(1), Mid-Century is a citizen of California.

10. Jorge Salinas is alleged to be the adjuster who assisted Mid-Century in the denial of Plaintiff's claim. Plaintiff fails to allege any specific facts that establish a valid cause of action against Salinas. Although Salinas is a Texas citizen and residents, Plaintiff has not asserted a single allegation of any act performed by Salinas individually; instead, Plaintiff recites a few sentences of vague and untrue factual allegations that barely reference Salinas as a defendant.[10] Such generic allegations are insufficient to state a potential right to relief against Salinas.[11] As such, Salina has been improperly joined in an effort to defeat diversity of citizenship.

---

[9] Exhibit C.
[10] Exhibit C.
[11] *Griggs v. State Farm Lloyds*, 181 F.3d 694 (5th Cir. 1999).

11.     A defendant may be disregarded as a party if the Court determines that his joinder is an improper device to defeat diversity jurisdiction and prevent removal.[12] "The presence of an improperly joined, non-diverse defendant does not defeat federal jurisdiction premised on diversity."[13] Because there is no reasonable basis for this Court to predict that Plaintiff might be able to recover against Salinas, his presence should be disregarded in determining diversity jurisdiction and he should be dismissed.

12.     Because Plaintiff is a citizen of Texas, Defendant Mid-Century is a citizen of California, and because Defendant Jorge Salinas is improperly joined, complete diversity of citizenship exists among the parties.

13.     Although Plaintiff's Original Petition is silent as to the maximum amount of actual damages it seeks in this action, this is an insurance "bad faith" case in which Plaintiff seeks damages for Defendant's alleged refusal to pay insurance benefits and wrongful handling of Plaintiff's claim resulting from wind/hail damage. Plaintiff seeks actual damages for damages to its structure, attorneys' fees, court costs, and statutory penalties under the Texas Insurance Code. Plaintiff further alleges that Defendant knowingly violated the Texas Insurance Code (entitling him to treble damages).[14] Plaintiff also alleges that Mid-Century breached its contract. Finally, Plaintiff alleges that such conduct by Defendants was apparently so egregious that he should be awarded punitive damages.[15] Given the nature of Plaintiff's claims against Defendants, the alleged damages in this action clearly exceed $75,000, exclusive of interest and costs.[16]

---

[12] *See Gonzales v. Homeland Ins. Co. of New York*, 2011 WL 3104104 at *2 (S.D.Tex. Jul. 25, 2011) (Harmon, J.).
[13] *Id.*, quoting *Borden v. Allstate Ins. Co.,* 589 F.3d 168, 171 (5th Cir. 2009) (citing S*alazar v. Allstate Tex. Lloyd's, Inc.,* 455 F.3d 571, 574 (5th Cir.2006)).
[14] Exhibit C.
[15] Exhibit C ¶ XIII.
[16] *See Chittick*, 844 F. Supp. at 1155-56.

14. Because the amount in controversy exceeds $75,000, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, and this removal is proper.

15. Pursuant to 28 U.S.C. § 1446(a), Mid-Century has filed with this Notice of Removal a complete copy of the State Court's file, including copies of all process, pleadings, orders and the docket sheet in the State Court Action as identified on the Index of Matters Being Filed.[17]

16. Pursuant to 28 U.S.C. § 1446(d), Mid-Century will notify the clerk of the court in the State Court Action of this removal, and will give notice thereof to all adverse parties.

## IV.
## CONCLUSION

17. The basis for this removal and this Court's jurisdiction is diversity of citizenship. 28 U.S.C. § 1332. Plaintiff is a citizen of Texas. Mid-Century is a citizen of California. The amount in controversy, based on the allegations in Plaintiff's Original Petition and the evidence tendered by Mid-Century exceeds $75,000, exclusive of interest and costs. As such, this removal action is proper. On these grounds, Mid-Century hereby removes the referenced State Court Action to this Court.

WHEREFORE, Defendant Mid-Century respectfully requests that the above-entitled action be removed from County Court at Law No. 4 in Hidalgo County, Texas to the United States District Court for the Southern District of Texas, McAllen Division.

---

[17] Exhibit A – Index of Matters Being Filed.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By:   /s/*Christopher W. Martin*
      Christopher W. Martin
      TBA No. 13057620
      Federal I.D. No. 13515
      808 Travis, Suite 2000
      Houston, Texas 77002
      Telephone:  (713) 632-1700
      Facsimile:   (713) 222-0101

**ATTORNEY FOR DEFENDANT MID-CENTURY INSURANCE COMPANY**

OF COUNSEL:
**MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.**

Marilyn S. Cayce
State Bar No. 13057620
Federal I.D. 9986
**MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.**
808 Travis Street, 20th Floor
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above pleading has been forwarded via facsimile, electronic filing and/or certified mail, return receipt requested, on this the 20th day of May 2015 to:

| | |
|---|---|
| Douglas E. Pennebaker<br>E-Mail: doug@pennebakerlaw.com<br>State Bar No. 00788178<br>Pennebaker Law Firm<br>200 Concord Plaza, Suite 750<br>San Antonio, Texas 78216<br>Telephone: (210) 562-2888<br>Facsimile: (210) 562-2880 | ***Via ECF and Facsimile (210) 562-2880*** |
| Willie McAllen<br>E-Mail: mcallenlaw@gmail.com<br>State Bar No. 24047468<br>Jose G. Gonzalez<br>State Bar No. 24053234<br>Law Offices of McAllen-Gonzalez<br>2102 W. University<br>Edinburg, Texas 78539<br>Telephone: (956) 383-2143<br>Facsimile: (956) 383-2147 | ***Via ECF and Facsimile (956) 383-2147*** |

*/s/ Marilyn S. Cayce*
Marilyn S. Cayce