Accepted by: Norma Harlow

Electronically Submitte
4/10/2015 11:13:32 PI
Hidalgo County Clerks Offic

CAUSE NO. CL-15-1094-D
_____

| | | |
|---|---|---|
| SAUL LEON D/B/A PANADERIA NUEVO LEON, LLC | § § § § | IN THE COUNTY COURT |
| v. | § § | AT LAW NUMBER\_\_\_\_\_ |
| MID-CENTURY INSURANCE COMPANY AND JORGE SALINAS | § § § | HIDALGO COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION, DEMAND FOR JURY, AND DISCOVERY TO DEFENDANTS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, SAUL LEON D/B/A PANADERIA NUEVO LEON, LLC, hereinafter called "Plaintiffs," complaining of MID-CENTURY INSURANCE COMPANY and JORGE SALINAS, hereinafter called "Defendants," and for cause of action would respectfully show unto the Court the following:

### I.
### PARTIES AND RULE 190 DISCOVERY LEVEL

Plaintiffs are individuals residing and conducting business in Hidalgo County, Texas. Discovery should be Level III.

Defendant, **MID-CENTURY INSURANCE COMPANY**, is a Foreign Corporation authorized to engage in the insurance business in the State of Texas, may be served by serving its Attorney for Service, to-wit: **Ms. Chris Granger, 15700 Long Vista Drive, Austin, Texas 78728-3822.** Service is requested by certified mail, return receipt requested at this time.

Defendant, **JORGE SALINAS**, is a licensed insurance adjuster doing business in the state of Texas, and may be served with process of service by certified mail, return receipt requested, by



CL-15-1094-D

serving him at the following address: **106 W. Gardenia Ave., McAllen, Texas 78501.** Service by Certified Mail, Return Receipt Requested, is requested at this time.

II.
## AGENCY AND *RESPONDEAT SUPERIOR*

Whenever in this petition it is alleged that the Defendants did any act or omission, it is meant that Defendants themselves or their agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of Defendants or done in the normal routine, course and scope of the agency or employment of Defendants or their agents, officers, servants, employees, or representatives.

III.

This suit is brought pursuant to the law of good faith and fair dealing as well as under common law and Chapters 541 and 542 of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. In the alternative, this suit is brought for breach of contract, and for recovery under a policy of insurance. Plaintiffs are consumers of the Defendants, in that they purchased insurance from said entity and/or service to be provided by it. Each Defendant is an "individual corporation, association, partnership, or other legal entity engaged in the business of insurance." Such Defendants constitute persons as that term is defined in Chapter 541.002 of the Texas Insurance Code.

IV.

Defendant, MID-CENTURY INSURANCE COMPANY, is Plaintiff's commercial insurance company. The actions set forth in this complaint were committed by one or more of said Defendant, or their actual or apparent agents. The named insured is SAUL LEON D/B/A PANADERIA NUEVO LEON, LLC located at **4009 N. Inspiration Road, Mission, Texas 78573.** Defendant,

CL-15-1094-D

MID-CENTURY INSURANCE COMPANY, provided coverage to the Plaintiff under a business personal property policy, for damage to the structure, interior architectural finishes, finish out, improvements and betterments, business income and other extra expenses associated with damage caused by a wind/hail storm. During the policy term of said policy, Plaintiff sustained covered losses noted above, and Plaintiff promptly and timely and properly reported same to Defendant pursuant to the terms of the insurance policy. Plaintiff reported damage to the structure, interior architectural finishes, finish out, improvements and betterments, business income and other extra expenses associated with damage caused by a wind/hail storm upon having discovered same.

V.

The Plaintiffs discovered the damages resulting therefrom to Plaintiffs' commercial property, including damage to the architectural finishes. Damages include repair to the structure, interior architectural finishes, finish out, improvements and betterments, business income and other extra expenses associated with damage caused by a wind/hail storm. These constituted covered damages under Plaintiffs' commercial business insurance policy with the Defendant, MID-CENTURY INSURANCE COMPANY.

VI.

Defendants, MID-CENTURY INSURANCE COMPANY and JORGE SALINAS and their agents visited and inspected Plaintiffs' property, in connection with Plaintiffs' property damage. Defendants knew or should have known that Plaintiffs had already sustained significant damage to the property, requiring significant repairs as a result of a loss and peril covered by the insurance policies. MID-CENTURY INSURANCE COMPANY and JORGE SALINAS were also made aware of the need to perform repairs to the structure, interior architectural finishes, finish out, improvements and betterments, business income and other extra expenses associated with damage

CL-15-1094-D

caused by a wind/hail storm, as a result of covered perils under the policy including wind or hail. MID-CENTURY INSURANCE COMPANY and JORGE SALINAS knew that a substantial covered loss was owed. Nonetheless, MID-CENTURY INSURANCE COMPANY and JORGE SALINAS denied, delayed, and failed to pay and properly investigate some or all of Plaintiffs' covered losses with no reasonable basis. MID-CENTURY INSURANCE COMPANY has failed to act promptly or to conduct a good faith investigation. This is bad faith claim delay and/or denial and a violation of Chapters 541 and 542 of the Texas Insurance Code. MID-CENTURY INSURANCE COMPANY and JORGE SALINAS violated Article Chapters 541 and 542 of the Texas Insurance Code, and is liable for the actual damages, penalties and attorney's fees provided for therein.

VII.

Despite the fact that all conditions precedent to Plaintiffs' recovery have been performed or have occurred, Defendants have failed and refused to pay the Plaintiffs a just amount in accordance with their contractual obligations, agreements, and representations. In fact, after such refusals to pay and investigate, Plaintiffs were forced to file suit to seek the policy benefits to which they were entitled. MID-CENTURY INSURANCE COMPANY and JORGE SALINAS knew that substantial damage had been caused by the loss, and yet refused to investigate most or all of such damages.

VIII.

Such denials, delays, refusals and/or failures to pay by MID-CENTURY INSURANCE COMPANY were in bad faith, and constitute breaches of the covenant of good faith and fair dealings, which breaches were a proximate cause of damages to the Plaintiffs, more specifically set forth herein below. There was no reasonable basis for denying, delaying, or failing to pay or investigate Plaintiffs' claims for damage, and MID-CENTURY INSURANCE COMPANY and

Accepted by: Norma Harlow

Electronically Submitte
4/10/2015 11:13:32 P
Hidalgo County Clerks Offic

CL-15-1094-D

JORGE SALINAS knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay such claims. The conduct of Defendants, MID-CENTURY INSURANCE COMPANY and JORGE SALINAS was irresponsible, unconscionable, and took advantage of the Plaintiffs' lack of sophistication in insurance matters to a grossly unfair degree. Furthermore, the conduct of Defendants, MID-CENTURY INSURANCE COMPANY and JORGE SALINAS amounts to one or more of the following:

(a) not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims submitted in which liability has become reasonably clear in violation of Chapter 542 of the Texas Insurance Code;

(b) refusing to pay claims without conducting a reasonable investigation based upon all available information in violation of Chapter 541 of the Texas Insurance Code;

(c) failing to handle or process the Plaintiffs' claims in good faith; in violation of common law as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau*, 754 S.W.2d 129 at 135 (Tex. 1988);

(d) committing a course of conduct that is unconscionable;

(e) omitting any information or making any false implication or impression that was either misleading or deceptive or had the capacity to be misleading or deceptive in violation of Chapter 541 of the Texas Insurance Code;

(f) refusing to fully pay a claim without a reasonable basis in violation of common law;

(g) delaying full payment of a claim without a reasonable basis in violation of common law;

(h) denying and/or delaying payment of a claim in full without determining whether there is any reasonable basis to do so in violation of common law;

(i) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which they do not;

(j) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

(k) representing than an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

Case 7:15-cv-00231 Document 1-2 Filed in TXSD on 05/20/15 Page 6 of 14

Accepted by: Norma Harlow

Electronically Submitte
4/10/2015 11:13:32 PI
Hidalgo County Clerks Offic

CL-15-1094-D

(l) failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and

(m) violations of Chapter 541 of the Texas Insurance Code, in that they misrepresented the terms of the policy or other facts.

IX.

As a result of all of such conduct, Plaintiffs have been damaged in an amount in excess of the minimum jurisdictional limits of this Court. In addition, the conduct of MID-CENTURY INSURANCE COMPANY was committed knowingly, and under circumstances constituting willful and wanton and reckless disregard of the rights of the Plaintiffs and others similarly situated. Such conduct of MID-CENTURY INSURANCE COMPANY was negligent and tortuous. The conduct of MID-CENTURY INSURANCE COMPANY constituted negligent misrepresentation of fact, or actionable fraud. The conduct of MID-CENTURY INSURANCE COMPANY proximately caused the injuries and damages to the Plaintiffs for which they sue. Plaintiff seeks actual damages from MID-CENTURY INSURANCE COMPANY and JORGE SALINAS.

X.

All of the conditions precedent to bringing this suit under the policy and to the Defendants' liability to the Plaintiffs under the policy for the claims alleged have been performed or have occurred. Compliance with the notice provision of the DTPA and Insurance Code is impractical by reason of the necessity of filing suit in order to prevent the expiration of the Statute of limitations.

XI.

Defendants have by their conduct breached their contract of insurance with the Plaintiffs. Such breach proximately caused damages to the Plaintiffs including consequential damages. In

Case 7:15-cv-00231 Document 1-2 Filed in TXSD on 05/20/15 Page 7 of 14

Accepted by: Norma Harlow

Electronically Submitte
4/10/2015 11:13:32 P
Hidalgo County Clerks Offic

CL-15-1094-D

addition, Plaintiffs are entitled to recover attorney's fees in connection with Plaintiffs' contractual causes of action. In addition, as a supplement to such contractual causes of action, each Defendant is liable for the statutory damages and penalties set out in Chapter 542 of the Texas Insurance Code.

XII.

Defendants owe the Plaintiffs significant sums for known losses. Further, under the contract of insurance, the Defendants owe the Plaintiffs for improvements and betterments, loss of use, business income, and other extra expenses associated with the damage caused by the wind / hail storm.

XIII.

The conduct of MID-CENTURY INSURANCE COMPANY was knowing and therefore may be subject to liability for additional damages under the Texas Insurance Code, and/or the Texas Deceptive Trade Practices Act, Plaintiffs and their attorney are also entitled to attorney's fees in connection with the bringing of this action for breach of contract or under relevant statute. In the alternative, MID-CENTURY INSURANCE COMPANY' conduct was malicious and fraudulent, and therefore, Plaintiffs seek punitive damages.

XIV.

All of the conditions precedent to bringing this suit under the policy and to the Defendants' liability to the Plaintiffs under the policy for the claims alleged have been performed or have occurred. More than sixty days prior to the filing of this petition, written demand for payment and notice of complaint pursuant to the Texas Insurance Code, Chapter 541, et seq., was sent to each of the Defendants, or compliance with said notice is excused. All notices and proofs of loss were timely and properly given in such manner as to fully comply with the terms and conditions of the relevant insurance policies and applicable law. Plaintiffs complied with all terms and conditions of

Accepted by: Norma Harlow

Electronically Submitte
4/10/2015 11:13:32 PI
Hidalgo County Clerks Offic

CL-15-1094-D

the policy, but Plaintiffs' claim was nonetheless not paid in full. *Such refusals to pay waive any further compliance with said policy by Plaintiffs and leave them free to sue for those benefits to which they are entitled that were denied or underpaid.* In the alternative, Plaintiffs allege that as to any such terms, conditions, notices, or requirements, the Defendants waived them, the Defendants are estopped from asserting them, and/or the Plaintiffs substantially complied with them. Plaintiffs make the same allegations of waiver or estoppel as to every defense, condition, or exclusion pleaded by the Defendants, and as to each claim for breach of contract or statutory violation as to each Defendant.

XV.

As to any exclusion or endorsement relied upon by the Defendants, Plaintiffs would show that such is void and does not form a portion of Plaintiffs' insurance policy with Defendants. The reason this is so includes, but is not limited to the following:

(a) there is no consideration for such exclusion;

(b) such exclusion or exclusionary endorsement was not delivered with the policy, and hence is of no force and effect;

(c) such exclusion violates Chapters 541 and 542 of the Texas Insurance Code, and it is void as against public policy;

(d) such exclusion and its use in this case violates Chapter 541 and 542 of the Texas Insurance Code and is void as against public policy;

(e) such exclusion violates Chapter 541 and 542 of the Texas Insurance Code and is unconscionable, and is void as against public policy;

(f) such exclusion is adhesive;

(g) any such exclusion is void as against public policy against creating a forfeiture, or ex post-facto penalty;

(h) the attachment of such exclusion constitutes bad faith cancellation of a portion of the Plaintiffs' policy with Defendants. In particular, such cancellation of a portion of

Case 7:15-cv-00231 Document 1-2 Filed in TXSD on 05/20/15 Page 9 of 14

Accepted by: Norma Harlow

Electronically Submitte
4/10/2015 11:13:32 PI
Hidalgo County Clerks Offic

CL-15-1094-D

Plaintiffs' coverage was in violation of the policy contract's own terms and also in violation of Chapter 541 and 542 of the Texas Insurance Code of the Texas Insurance Code. Such exclusion should be declared void, and of no force and effect, and the policy should be reformed to so reflect;

(i) the clear and unambiguous language of the policy provides coverage for dwelling damage caused by water, including the cost of access to fix any leaking plumbing, system, or appliance.

(j) In the alternative, any other construction of the language of the policy is void as against public policy;

(k) In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandates the construction and interpretation urged by Plaintiffs;

(l) In the alternative, Defendants are judicially, administratively, or equitably estopped from denying Plaintiffs' construction of the policy coverage at issue;

(m) In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiffs plead the doctrine of mutual mistake requiring reformation.

(n) Such exclusion or interpretation is void as against public policy and/or in violation of the Texas Insurance Code.

(o) The clear and ambiguous language of the policy provides coverage for dwelling damage caused by accidental water leakage from a plumbing, heating, or air conditioning system or other appliance, including the cost of access to fix the leaking system, regardless of any other language or exclusion in the policy.

XVI.

ACTIONABLE CONDUCT OF ADJUSTER

With regard to JORGE SALINAS, the adjuster Defendant named herein, Plaintiff alleges said adjuster made specific misrepresentations in violation of the Texas Insurance Code, §541.002, §541.060, §541.061 and §541.003, to include, but not limited to misrepresenting the scope of damages caused by the covered wind/hail peril. Said Defendant adjuster also misrepresented the true cost of repairing all of the damages caused by the storm. More specifically, Mr. Salinas

Accepted by: Norma Harlow

Electronically Submitte
4/10/2015 11:13:32 P
Hidalgo County Clerks Offic

CL-15-1094-D

misrepresented that the damage to the roof surface and lifted pipe jack flashing was due to wear and tear rather than storm damage. He further misrepresented that the interior water damage was not covered by the policy. Therefore, Mid-Century Insurance Company denied the claim in its entirety. The named Defendant adjuster acted with actual awareness that said Defendant adjuster was misrepresenting the true scope and cost of repair in the estimate the Defendant adjuster prepared. Therefore, as an "Adjuster", the Defendant adjuster meets the definition of "person" under §541.002, and therefore liable under §541.003 et seq. of the Texas Insurance Code. The Defendant adjuster misled Plaintiff(s). The acts and omissions of the Defendant adjuster violate 541 and §542 of the Texas Insurance Code, for which Plaintiff seeks damages.

Further, the above named adjuster in this litigation committed various acts and omissions violative of the Texas Insurance Code to include performing an incomplete visual inspection of the property, and failing to inspect all affected areas; said named adjuster undervalued damages and failed to allow for adequate funds to cover the costs of repairs, and set out to deny properly covered damages. These actions on the part of this named adjuster resulted in underpayment to the Plaintiff, as well as delay in Plaintiff's ability to fully repair the insured home. The above named adjuster in this suit conducted an outcome-oriented investigation designed to minimize the Plaintiff's claim, and failed to promptly provide the Plaintiff with a reasonable explanation of the basis of the policy in relation to the facts or applicable law, for the claim decision. The named adjuster's actions constitute unfair method of competition and an unfair or deceptive act in the business of insurance.

XVII.

Plaintiffs assert all statutory claims, demands, and causes of action assertable under state law from the pleaded scenario and facts, but only seek breach of contract and Chapter 542 of the Texas Insurance Code causes of action against MID-CENTURY INSURANCE COMPANY at this time for

Accepted by: Norma Harlow

Electronically Submitte
4/10/2015 11:13:32 Pl
Hidalgo County Clerks Offic

CL-15-1094-D

actual damages and attorney's fees Chapter 542 penalties. Plaintiffs seek from MID-CENTURY INSURANCE COMPANY actual, additional, exemplary, as well as all other damages and penalties available at law, including loss of the use of their business.

## XVIII.
### DEMAND FOR JURY

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs herein requests a jury trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully requests this Honorable Court that upon final hearing and trial hereof, this Honorable Court grant to the Plaintiffs such relief as to which they may show themselves justly entitled, either at law or in equity, either general or special, including judgment against the Defendants for actual damages, attorney's fees, costs of suit, statutory penalties, and prejudgment and post judgment interest, if allowed by law, and including judgment for additional damages and punitive damages under the facts set forth in this or any amended pleading.

Accepted by: Norma Harlow

Electronically Submitte
4/10/2015 11:13:32 Pl
Hidalgo County Clerks Offic

CL-15-1094-D

Respectfully submitted,

PENNEBAKER LAW FIRM
A Professional Corporation
200 Concord Plaza Drive, Suite 750
San Antonio, Texas 78216
Telephone: (210) 562-2888
Telecopier: (210) 562-2880

Willie McAllen
Jose G. Gonzalez
LAW OFFICES OF MCALLEN-GONZALEZ
2102 W. University Dr.
Edinburg, Texas 78539
Telephone: (956) 383-2143
Telecopier: (956) 383-2147

By: _____
DOUGLAS E. PENNEBAKER
Lead Counsel
State Bar No. 00788178

ATTORNEYS FOR PLAINTIFF

Accepted by: Norma Harlow

Electronically Submitte
4/10/2015 11:13:32 P
Hidalgo County Clerks Offic

CL-15-1094-D

## PLAINTIFFS' REQUESTS FOR DISCLOSURE TO DEFENDANTS

Pursuant to Texas Rule of Civil Procedure 194, you are hereby requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-(k), as described below:

(a) the correct names of the parties to the lawsuits;
(b) the name, address, and telephone number of any potential parties;
(c) the legal theories and, in general, the factual basis of Plaintiffs' claims;
(d) the amount and any method of calculating economic damages;
(e) the name, address and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;
(f) for any testifying expert:
  (1) the expert's name, address and telephone number;
  (2) the subject matter on which the expert will testify;
  (3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis of them, or if the expert is not retained by, employed, or otherwise subject to the control of Plaintiff, documents reflecting such information;
  (4) if the expert is retained, employed by or otherwise subject to the control of Plaintiff:
    (A) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony;
    (B) the expert's current resume and bibliography;
(g) any indemnity or insuring agreements;
(h) any settlement agreements, described in Rule 192.3(g);
(i) any witness statements, described in Rule 192.3(h);
(j) all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;
(k) all medical records and bills obtained by the responding party by the responding party by virtue of an authorization furnished by the requesting party.

I.

In accordance with Texas Rule of Civil Procedure 194.3, please serve written responses within fifty (50) days after service of this request.

CL-15-1094-D

II.

In compliance with Rule 194.4 of the Texas Rules of Civil Procedure, please produce responsive documents to the Pennebaker Law Firm, a Professional Corporation, 200 Concord Plaza Drive, Suite 750, San Antonio, Texas 78216.

Respectfully submitted,

PENNEBAKER LAW FIRM
A Professional Corporation
200 Concord Plaza Drive, Suite 750
San Antonio, Texas 78216
Telephone:    (210) 562-2888
Telecopier:   (210) 562-2880

Willie McAllen
Jose G. Gonzalez
LAW OFFICES OF MCALLEN-GONZALEZ
2102 W. University Dr.
Edinburg, Texas 78539
Telephone: (956) 383-2143
Telecopier: (956) 383-2147

By: _____
DOUGLAS E. PENNEBAKER
Lead Counsel
State Bar No. 00788178

ATTORNEYS FOR PLAINTIFF